RANKERT v. RANKERT.

(Supreme Court, Appellate Division, Fourth Department. May 3, 1905.)

1. INCOMPETENT PERSONS—ACTIONS—GUARDIAN AD LITEM—APPOINTMENT.

Plaintiff was declared an incompetent, and her husband was appointed committee of her person and property, after which the order was in part superseded so that she should have no committee of her person, and the committee of her property was directed to pay her certain monthly allowances, of which she was to have full charge. From such allowances she accumulated a fund, which she placed in the care of defendant, to be repaid on demand. *Held*, that on defendant's refusal to repay such sum the court was not authorized to appoint a guardian ad litem for plaintiff to sue for such fund, under Code Civ. Proc. § 428, authorizing the appointment of a guardian ad litem for an incompetent person under certain specified circumstances.

2. SAME—PERSONS ENTITLED TO SUE.

Such action should have been brought by the incompetent's committee, or, in case of his disqualification or refusal to do so, a new committee should be appointed for that purpose.

Williams, J., dissenting.

Appeal from Special Term, Wayne County.

Action by Dorothy Rankert by Chester G. Blaine, her guardian ad litem, against George Rankert. From a judgment overruling defendant's demurrer to the complaint, he appeals. Reversed.

The action was commenced on the 27th day of November, 1903, under the title, "Dorothy Rankert, by Chester G. Blaine, her Guardian ad Litem, vs. George Rankert," to recover the sum of $853.33 and interest thereon, alleged to have been placed in the hands of the defendant by Dorothy Rankert, to be cared for by him and to be returned to her upon demand. It is alleged that such demand was duly made and refused. The complaint was demurred to upon the grounds: First, that the court had not jurisdiction of the subject of the action; second, that the plaintiff has not legal capacity to sue; third, that there is a misjoinder of parties plaintiff; fourth, that there is a defect of parties plaintiff; fifth, that there is a defect of parties defendant; sixth, that the complaint does not state facts sufficient to constitue a cause of action. All of such alleged grounds of demurrer were overruled, and judgment was entered accordingly, from which this appeal is taken.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Charles P. Williams, for appellant.
Jefferson W. Hoag, for respondent.

McLENNAN, P. J. It is alleged in the complaint that Dorothy Rankert is to some extent an incompetent person, as shown by the petition annexed to and made a part of the complaint. By such petition it is stated in substance that prior to the 30th day of September, 1884, Dorothy Rankert was adjudged to be an incompetent person, and that one Jacob Rankert, her husband, was appointed committee of her person and property; that on said 30th day of September, 1884, the order so adjudging her to be incompetent and appointing a committee of her person and estate was in part superseded, so that said Dorothy Rankert should have no committee of her person, and the committee of her property was di-

rected to pay to her certain monthly allowances in money, of which the said Dorothy Rankert should have full charge, control, and disposal. It also appears that from such allowances she accumulated a fund amounting to $853.33, which she placed in the care of the defendant, her son, George Rankert, to be repaid to her upon demand. It also appears that Chester G. Blaine was appointed guardian ad litem of Dorothy Rankert to protect her interest in the fund so placed in the hands of the defendant; that after such appointment as guardian ad litem he demanded for and on behalf of Dorothy Rankert the said sum from the defendant, which was refused; that thereafter, by order of the Supreme Court, he was authorized to and did commence this action. The various orders are referred to and made a part of the complaint.

The claim on behalf of Dorothy Rankert, as shown by the allegations in the complaint, is, in effect, that there is no committee of the fund or property which was placed by her in the custody of the defendant for safe-keeping; that her husband, who was appointed committee of her estate, was relieved from all control over that fund. It is also contended, and in substance alleged, that, while competent to manage such fund under ordinary conditions, she is incompetent to institute and prosecute an action for the recovery of such fund, and therefore it is sought to maintain such action by a guardian ad litem appointed for that purpose.

So far as we have been able to discover, there is no authority under the Code of Civil Procedure for the maintenance of an action by an incompetent person by a guardian ad litem. Section 428 of the Code of Civil Procedure does provide for the appointment of a guardian ad litem of an incompetent defendant, but we think no authority can be found for the appointment of a guardian ad litem for a plaintiff so circumstanced. We think it unnecessary to discuss what inherent powers in that regard a court of equity may possess if the exercise of such power was clearly necessary in order to protect the property or interests of an incompetent plaintiff. The provisions of the Code of Civil Procedure clearly contemplate that, where it is necessary to commence an action in order to protect the property or interests of an incompetent person, such action must be commenced by a committee, and not by a guardian ad litem. In the case at bar, if the property interests of Dorothy Rankert required that an action should be commenced, and she is incompetent to commence or prosecute such action, then, clearly, a committee of the property to be affected should be appointed, and the necessary action commenced and prosecuted by such committee. It is no answer to the proposition that the court determined, under the facts then presented to it, that she was competent to manage the funds which it is alleged she placed in the hands of the defendant for safe-keeping. When it became necessary to commence an action to recover such funds, and it appears, as alleged in the complaint, that she was incompetent to prosecute such action, she was, within the meaning of the Code of Civil Procedure, incompetent to properly manage such property, and a committee of the same should be appointed. If it should appear that her husband,

the general committee, is acting in collusion with the defendant, or that it would be improper for him to institute and prosecute an action against the defendant, we think another committee may be appointed of the fund in question, and that an action to recover or protect the interests of the incompetent in such fund should be commenced and prosecuted by such committee.

It follows that the interlocutory judgment should be reversed, and the demurrer of the defendant sustained, with costs.

SPRING and STOVER, JJ., concur. HISCOCK, J., concurs in the result, upon the additional ground that the legal title to the fund in question was vested in the committee, by whom the action should have been instituted, if at all. WILLIAMS, J., dissents, on the ground that the committee had no interest whatever in the fund, and that if the guardian was improperly appointed, instead of the action being brought by Dorothy Rankert alone, the remedy to relieve the action of the guardian is by motion, and not by demurrer.